# EXHIBIT 1

Payments Terms of Service

Last revision date: July 15, 2022

As a condition to using JPay's payment services as described herein, you agree to these Payments Terms of Service and any future amendments ("Agreement") which INCLUDE A DISPUTE RESOLUTION AND ARBITRATION AGREEMENT IN SECTION 16.

1.  NOTICE AND CONSENT.  By using JPay's services, you agree to the terms and conditions of this Agreement, the JPay Privacy Policy, and any other documents incorporated by reference.  You further agree that this Agreement forms a legally binding contract between you and JPay, and that this Agreement constitutes a writing signed by you under any applicable law or regulation.  JPay may amend this Agreement at any time.  You agree to be bound by the modified terms and conditions of this Agreement upon your use of JPay's services after the effective date of such changes.  We last modified this Agreement on July 15, 2022.  Nothing in this Agreement shall be deemed to confer any third-party rights or benefits.  Any rights not expressly granted herein are reserved by JPay.  In this Agreement, "You," "User," or "Customer" means any person or entity using the JPay Service (as defined below).

2.  THE JPAY SERVICE.  A User may send money (the "Payment") to an incarcerated individual's trust account (or to any sub-accounts under the trust account) at a JPay-affiliated correctional facility (the "Facility"), to an incarcerated individual's prepaid media account (with funds in such media account hereinafter referred to as "JPay Credits") or to an incarcerated individual's prepaid debit/phone account.  If you are unsure of which incarcerated individual's account to send a Payment or which JPay Service channels are available to you, please contact JPay or the Facility.  JPay will not be liable for a Payment sent to the incorrect incarcerated individual's account.  The Facility has the authority to review, withhold or reject a Payment.  You may make Payments through the following channels: (1) over the Internet or telephone using a Visa, MasterCard or Discover branded credit card or debit card (collectively "Bank Card"), (2) at a partner location using cash (i.e., MoneyGram), (3) at a JPay kiosk located at the Facility using cash or a Bank Card, or (4) by sending a money order to JPay's lockbox (collectively, the "JPay Service").  Not all channels may be accepted at a specific Facility location.  Please refer to the "FUNDS AVAILABILITY" section below for details regarding when the Payment will be available in the incarcerated individual's account.

3.  PAYMENT INFORMATION.  To facilitate Payments, you will be required to provide JPay with certain information to allow us, among other things: to verify your identity; to receive appropriate Bank Card authorization, if applicable; and to gather any other information the Facility requires of you to send the Payment.  You agree to provide JPay with accurate,

complete, and up-to-date information.  Your failure to do so, including having an invalid or expired form of payment or identification, may result in your inability to access or use JPay's Services.  Please refer to JPay's Privacy Policy regarding JPay's use of this information.  When required by applicable law, Payments will be reported to federal, state or local authorities.

4.  IDENTITY AUTHENTICATION.  You authorize JPay, directly or through third parties, to make any inquiries we consider necessary to validate your identity.  This may include asking you for further information, requiring you to provide your date of birth, and/or other information that will allow us to reasonably identify you.  We may also require you to take steps to confirm ownership of your email address, or verifying your Information against third party databases or through other sources.  We may also ask to see your driver's license or other identifying documents.  You agree to provide JPay with accurate, complete, and up-to-date information in response to any such requests.  JPay reserves the right to close, suspend, or limit access to your account and/or the JPay Service in the event we are unable to obtain or verify this Information.

5.  FEES.  Other than for sending money orders, which is a free Payment option, you agree to pay JPay a fee for using the JPay Service, at the rate in effect at the time you make a Payment (the "Service Fee"). All Service Fees are non-refundable.  Service Fees may vary by state and the Facility in which the incarcerated individual resides and are available in the "Availability and Pricing" section of our website at jpay.com/pavail.aspx.  JPay is not responsible for any deductions made by the Facility (for reasons such as restitution, child support, etc.) prior to the crediting of your Payment to the incarcerated individual's account.

6.  FUNDS AVAILIBILITY.  JPay generally transmits Payments within one (1) to two (2) business days, with the exception of lockbox money order Payments, which are generally processed within ten (10) business days of receipt of the money order by JPay.  While JPay will process Payments within these time frames, the Facility may take additional time in posting those Payments to the incarcerated individual's account, and JPay has no control over, and is not responsible for any delay caused by, the Facility's processes and procedures.

7.  MONEY ORDERS.

Where the lockbox money order Payment method is available to you, JPay will only accept money orders valued at $999.99 or less (and in some states, the maximum amount may be less).  You may refer to the JPay website for money order limits applicable in the state in which the recipient resides.  Any money orders over $999.99 (or the maximum amount permitted in the relevant state) will be returned to you.

In the event you initiate a stop payment on either money orders or personal checks, you will be responsible for reimbursing JPay for any bank fees or insufficient fund charges incurred by JPay as a result of the stop payment.

All money orders must be made payable to "JPay LLC" A deposit slip and any accompanying information required by the Facility must be filled out and submitted with every money order. Deposit slips may be found on JPay's website. All deposit slips must be legible and completely filled out. Any materials sent with the money order other than the deposit slip will be discarded.

JPay is not responsible for money orders lost in the mail or otherwise lost in transit, or for money orders that are sent to the provided address which did not reach the intended recipient. If JPay receives a money order and is not able to process the transaction due to the illegibility of the money order form, or restrictions imposed by the Facility, JPay will mail the money order and deposit slip back to the Customer's address provided on the deposit slip.

8. JPAY CREDITS. Depending on the Facility, JPay Credits may be used by the incarcerated individual to purchase certain communication and media-related products (such as stamps for email and VideoGram's, music, eBooks, games, news and videos, if such products are available at the incarcerated individual's Facility). JPay Credits are non-transferrable and unused JPay Credits will not be refunded. JPay may take appropriate action, including the removal of JPay Credits from incarcerated individual prepaid media accounts, where such funds were deposited through what JPay has determined to be unauthorized use of a credit or debit card.

9. PAYMENT. You are required to pay the Service Fees (along with the principal Payment amount) before JPay processes the Payment. By making a Payment with a Bank Card, you authorize JPay to process the Payment. When using a Bank Card, if JPay does not receive authorization from the card issuer, the Payment will not be processed and a hold may be placed on your Bank Card which can only be removed by the issuing bank. Each time you use the JPay Service, you agree that JPay is authorized to charge your designated Bank Card account for the principal Payment amount, the Service Fee and any other applicable fees. In the event that your transaction is reported as unauthorized and results in a chargeback, your account, as well as that of the incarcerated individual who received the unauthorized funds, will be blocked from future Bank Card transactions until JPay is reimbursed or the issue is otherwise resolved. JPay may assess a $25 fee to your account in connection with any such chargeback.

10. OTHER CHARGES. JPay is not responsible for any fees or charges that may be imposed by the financial institution associated with your Payment. For example, some credit card issuers may treat the use of your credit card to purchase the Service as a "cash advance" rather than a

purchase transaction, and may impose additional fees and interest rates for the transaction. JPay is not responsible for any non-sufficient funds charges, chargeback fees or other similar charges that might be imposed on you by your bank, credit card issuer or other provider.

11.   RECURRING PAYMENT.  A recurring payment is a Payment in which you authorize JPay to charge your Bank Card on a regular or periodic basis ("Recurring Payment").  This authorization is to remain in full force and effect until you cancel a Recurring Payment.  You may cancel a Recurring Payment at any time up to ten (10) business days prior to the date the Payment is scheduled to be processed.  To cancel a Recurring Payment, log into your account, access the "Send Money" tab, then access the "Recurring Payments" link and click "Delete."

12.   REFUNDS.  You may not cancel a Payment once it has been processed.  Under some circumstances, a Payment may not be completed or the Facility may refuse to accept a Payment.  In such cases, JPay will cancel the Payment transaction and refund the principal Payment and the Service Fee to the Customer.  Any disputes or refund requests relating to lost or misdirected payments must be submitted to JPay within sixty (60) days of the original transaction.

13.  UNLAWFUL INTERNET GAMBLING ENFORCEMENT ACT.  JPay ensures compliance with US Government regulations implementing the Unlawful Internet Gambling Enforcement Act ("UIGEA"). The UIGEA prohibits businesses from processing restricted transactions.  A restricted transaction involves knowingly accepting a transmittal of any credit, funds, instrument, or proceeds in connection with the participation of another person in unlawful internet gambling. In the event that JPay receives knowledge that a customer is engaged in illegal internet gambling, JPay will close the customer's account and cancel all transactions.

14.  ESCHEATMENT LAWS.  If, for whatever reason, JPay is unable to transfer your money order deposit to the Facility, JPay will attempt to contact you to issue you a refund or mail back to you your money order or payment instrument.  If JPay is not able to contact you and you do not claim this Payment within the statutory time period, JPay may be required to escheat the Payment to the state of your residence.  JPay will determine your state of residency based on the information provided by you at the time of Payment.  If you do not claim the money order Payment within one (1) month after the date you made the Payment, where permitted by law, JPay may hold the Payment in an account and impose a monthly service fee on any unclaimed property, until such time the funds are required to be escheated to the state.  Should JPay elect

to impose a monthly service fee on any unclaimed property, JPay will ensure that it complies with all applicable laws and regulations in the applicable jurisdictions.

15.   GOVERNING LAW.  This Agreement and the rights of the parties hereunder shall be governed by and construed in accordance with the laws of the State of Texas, exclusive of conflict or choice of law rules.

16.   DISPUTE RESOLUTION ("Arbitration Agreement")

THIS AGREEMENT REQUIRES THE USE OF ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS ACTIONS.

Definition of Dispute.  The term "Dispute" means any dispute, action, claim, or controversy between you and JPay, whether in contract, warranty, tort, statute, regulation, ordinance, or any other legal or equitable basis. Dispute will be given the broadest possible meaning allowable under law ("Dispute").

Time Limit for Raising Disputes.  Any Dispute must be filed in arbitration or small claims court (as appropriate) within twelve (12) months of your constructive knowledge that the issue underlying the Dispute first occurred.  Any Dispute that is not filed within this time limit shall be deemed waived.

Informal Dispute Resolution.  Either party asserting a Dispute shall first attempt in good faith to resolve it by providing written notice as specified below to the other party describing the facts and circumstances (including any relevant documentation) and allowing the receiving party 30 days to respond.  Notice to JPay shall be made by either: (1) mailing a letter via first class or registered mail to JPay LLC c/o Securus Technologies, LLC, Attn: Legal Department, 4000 International Parkway, Carrollton, Texas 75007, which begins with the words "Notice of Informal Dispute Resolution Attempt"; or (2) by email to Resolutions@JPay.com with the subject line stating "Notice of Informal Dispute Resolution Attempt."  Notice to you shall be made by either: (1) sending first class or registered mail to the mailing address associated with your account that begins with the words ""Notice of Informal Dispute Resolution Attempt;" or (2) by sending an email to the electronic mail address associated with your account with the subject line stating "Notice of Informal Dispute Resolution."  Both you and JPay agree that this dispute resolution procedure is a condition precedent which must be satisfied before either party initiates any arbitration or small claims court action against the other party.  For purposes of clarification, your submission of a complaint to JPay, or any other notice that doesn't strictly comply with the notice requirements above, is not considered a good faith effort to resolve the dispute in accordance with this paragraph.

Small Claims Court or Arbitration.  Mindful of the high cost of legal disputes, not only in dollars but in time and energy, both you and JPay agree that any Dispute between you and JPay, past, present, or future, and no matter the date of accrual, shall be resolved through an individual

small claims court action or through binding individual arbitration, as specified below.  You understand and agree that you are waiving your right to sue or go to court to assert or defend your rights.

Small Claims Court.  Either you or JPay may elect, instead of arbitration, to have a Dispute resolved in small claims court if the Dispute is an individual claim, does not seek injunctive relief, is within the jurisdictional and dollar limits of that small claims court, and that small claims court permits representation by counsel.  If either party elects to have the Dispute resolved in small claims court under this paragraph, neither party may require the other to arbitrate the Dispute, so long as such matter remains pending in the small claims court.  If an arbitration has been initiated, the other party has 30-days to make an election under this paragraph.  Upon receipt of notice an election has been made, the arbitration must be withdrawn without prejudice.  Notice of such an election to JPay shall be made by either: (1) mailing a letter via first class or registered mail to JPay LLC c/o Securus Technologies, LLC, Attn: Legal Department, 4000 International Parkway, Carrollton, Texas 75007 or (2) by email to Resolutions@JPay.com.  Notice to you shall be made by either: (1) sending first class or registered mail to the mailing address associated with your account; or (2) by sending an email to the electronic mail address associated with your account.

How Arbitration Works.  Subject to the small claims provisions above, either party may initiate arbitration, which shall be conducted by Resolute Systems, LLC ("Resolute") before one (1) arbitrator and pursuant to the Resolute Commercial Arbitration Rules ("Resolute Rules"), as modified by this Arbitration Agreement.  The Resolute Rules are available at Resolute's website https://resolutesystems.com.  Resolute may be reached telephonically at (800) 776-6060.  The rules include instructions on how to file an arbitration.  In the event Resolute is unavailable or unwilling to hear the Dispute, the parties shall agree to another comparable arbitration provider, and if they are unable to agree, the parties shall apply to a court for appointment of a new arbitrator, pursuant to Section 5 of the Federal Arbitration Act. Unless you and JPay agree otherwise, including on whether to conduct arbitration by telephone or videoconference, any arbitration hearing shall take place in the county of your residence.  JPay will reimburse you for arbitration filing fees that exceed the cost of filing a claim in court if, after the informal dispute resolution process laid out above fails, you file an arbitration that JPay or the Arbitrator determines is not frivolous.  All other costs of arbitration are to be assessed as required by the Resolute Rules and applicable fee schedule.

Waiver of Right to Bring Class Action and Representative Claims.  SUBJECT TO THE SMALL CLAIMS COURT EXCEPTION ABOVE, AND CERTAIN EXCEPTIONS LISTED BELOW, ALL DISPUTES, PAST, PRESENT, AND FUTURE, AND REGARDLESS OF THE DATE OF ACCRUAL OF SUCH DISPUTE, SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS.  The arbitrator is empowered to resolve the Dispute with the same remedies available in court; however, any relief must be individualized and shall not affect any other customer.  JPay and you also agree that each may bring claims against the other only in our respective individual capacities (whether in arbitration or court) and in so doing JPay and you hereby waive the right to a trial by jury, to assert or participate in any class action lawsuit or class action arbitration, any private attorney general lawsuit or

private attorney general arbitration, and any joint or consolidated lawsuit or joint or consolidated arbitration of any kind.

Arbitrability of Certain Disputes.  Except as specifically set forth in this section, only the arbitrator is authorized to make determinations as to the scope, validity, or enforceability of this Customer Agreement and this Arbitration Agreement, including whether any Dispute falls within its scope.  Notwithstanding the above, the scope, validity, effect, and enforceability of this agreement's waiver of (i) class action lawsuits, (ii) representative or class-wide arbitration, (iii) private attorney general claims, or (iv) requests for public injunctive relief, are to be determined solely and exclusively by the Federal District Court located in the Northern District of Texas or a Texas state court in Denton County or Collin County and not by Resolute, the AAA, or any arbitrator.  If a lawsuit is filed to enforce these waivers the parties agree that the arbitration shall be immediately stayed, by agreement or court order, until the court case is resolved and all appellate review is exhausted.  The cost of proceedings under this section, including, without limitation, each party's attorneys' fees and costs, shall be borne by the unsuccessful party.  The parties hereby consent to jurisdiction and venue of the Federal District Courts in the Northern District of Texas or Texas state court in Denton County or Collin County and waive any objections thereto.

Severability.  If a court decides that the waivers or limitations of the Waiver of Right to Bring Class Action and Representative Claims section, above, are invalid or unenforceable, any putative class, private attorney general, or representative action must be brought in a court of proper jurisdiction and not in arbitration.  Similarly, if a court determines that the ability to provide public injunctive relief is required by applicable law, the request for such public injunctive relief shall proceed in an individual action in court.  Without waiving the right to appeal a court decision triggering this section, should a claim be required to proceed in court under this section, any and all disputes shall proceed in a Federal District court located in the Northern District of Texas or Texas state court in Denton County or Collin County and be decided by a judge, sitting without a jury and not as a class action lawsuit. The parties hereby consent to jurisdiction and venue of the Federal District Courts in the Northern District of Texas or Texas state court in Denton County or Collin County and waive any objections thereto.

Governing Law and Other Terms.  This Arbitration Agreement shall be governed by, and interpreted, construed, and enforced in accordance with, the United States Federal Arbitration Act and other applicable federal law.  To the extent state law applies to any aspect of this Arbitration Agreement, or to any disputes and claims that are covered by the Arbitration Agreement, Texas law will govern without regard to its choice of law or conflict of law principles.  Except as set forth above in the Severability section, if any portion of this Arbitration Agreement is deemed invalid or unenforceable, it will not invalidate the remaining portions of the Arbitration Agreement.  This Arbitration Agreement survives the termination of your relationship with JPay, including the end of your participation in any program or service and opt-out of consent for marketing or other agreements with JPay.

16. INDEMNIFICATION.  To the maximum extent permitted by law, you agree to defend, indemnify and hold harmless JPay, its affiliates and their respective directors, officers, employees and agents from and against any and all third party claims, actions, suits or proceedings, as well as any and all losses, liabilities, damages, costs and expenses (including reasonable attorney's fees) arising out of or accruing from (a) your breach of these Payments Terms of Service, and (b) your use of the Service.

17. DISCLAIMER OF WARRANTIES AND LIMITATION OF LIABILITY. THE JPAY SERVICE IS PROVIDED BY JPAY LLC ON AN "AS IS" AND "AS AVAILABLE" BASIS. JPAY MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE OPERATION OF THE JPAY SERVICE OR THE INFORMATION, CONTENT, MATERIALS, PRODUCTS OR SERVICES INCLUDED ON THIS SITE. YOU EXPRESSLY AGREE THAT YOUR USE OF THE JPAY SERVICE IS AT YOUR SOLE RISK AND THAT YOU ARE SOLELY RESPONSIBLE FOR THE ACCURACY OF THE PERSONAL AND PAYMENT INFORMATION THAT YOU PROVIDE.

TO THE FULL EXTENT PERMISSIBLE BY APPLICABLE LAW, JPAY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. JPAY DOES NOT WARRANT THAT THIS SITE, ITS SERVICES OR E-MAIL SENT FROM JPAY ARE FREE OF VIRUSES OR OTHER HARMFUL COMPONENTS. JPAY (AS WELL AS ITS OFFICERS, DIRECTORS, EMPLOYEES, AFFILIATES AND STOCKHOLDERS) WILL NOT BE LIABLE FOR ANY DAMAGES OF ANY KIND ARISING FROM THE USE OF THIS SITE, ANY CREDIT CARD COMPANY'S NON-AUTHORIZATION OF A USER'S BANK CARD PAYMENT, ANY GOVERNMENT ENTITY'S NON-ACCEPTANCE OF A PAYMENT FROM A USER USING THE JPAY SERVICE, FOR DISRUPTIONS IN THE JPAY SERVICE, OR FOR ERROR, DELAY OR MIS-DELIVERY OF A PAYMENT, REGARDLESS OF THE CAUSE, INCLUDING (WITHOUT LIMITATION) DIRECT, INDIRECT, INCIDENTAL, PUNITIVE AND CONSEQUENTIAL DAMAGES.

CERTAIN STATE LAWS DO NOT ALLOW LIMITATIONS ON IMPLIED WARRANTIES OR THE EXCLUSION OR LIMITATION OF CERTAIN DAMAGES. IF THESE LAWS APPLY TO YOU, SOME OR ALL OF THE ABOVE DISCLAIMERS, EXCLUSIONS OR LIMITATIONS MAY NOT APPLY TO YOU, AND YOU MIGHT HAVE ADDITIONAL RIGHTS.

18. SEVERABILITY.  If any provision of this Agreement shall be ruled unenforceable, then the remainder shall be enforced to the extent permissible.

19. ENTIRE AGREEMENT.  This Agreement sets forth the entire agreement with respect to the subject matter hereof.  This Agreement may not be altered, supplemented, or amended by the use of any other document(s).  Notwithstanding the foregoing, the rules and policies of the applicable Facility may also govern the Service.