# EXHIBIT 4

Payments Terms of Service

As a condition to using JPay's payment services as described herein, you agree to this Payments Terms of Service ("Agreement") and any future amendments.

1.  NOTICE AND CONSENT. By using JPay's services, you agree to the terms and conditions of this Agreement, the JPay Privacy Policy and any other documents incorporated by reference. You further agree that this Agreement forms a legally binding contract between you and JPay, and that this Agreement constitutes a writing signed by you under any applicable law or regulation. Any rights not expressly granted herein are reserved by JPay. We may amend this Agreement at any time by posting a revised version on our website. The revised version will be effective at the time we post it. You agree to be bound by the changed terms and conditions of this Agreement as of the effective date of such changes. We last modified this Agreement on December 16, 2015. In this Agreement, "You", "User" or "Customer" means any person or entity using the JPay Service (as defined below).

2.  THE JPAY SERVICE. A User may send money (the "Payment") to an inmate's account at a JPay-affiliated correctional institution (a "Client"), to a JPay prepaid media account ("JPay Credits") or to a prepaid debit/phone account. A Client has the authority to review, withhold or reject a Payment. Payments may be made (1) over the Internet or telephone using a Visa or MasterCard branded credit card or debit card (collectively "Bank Card"), (2) at a partner location using cash (i.e., MoneyGram), (3) at a JPay kiosk located at a Client using cash or a Bank Card, or (4) by sending a money order to JPay's lockbox (collectively, the "JPay Service").

Depending on the Client, Payments may be made to a variety of inmate accounts including, but not limited to, inmate trust, restitution, temporary leave and funeral expenses. In addition, each Client may accept Payments through select JPay Service channels. If you are unsure of which inmate's account to send a Payment or which JPay Service channels are available to you, please contact JPay or the Client. JPay will not be liable for a Payment sent to the incorrect inmate account.

3.  PAYMENT INFORMATION. To facilitate Payments, you will be required to provide JPay with certain information to allow us, among other things: to verify your identity; to receive appropriate Bank Card authorization if applicable; and to gather any other information a Client shall require of you to send the Payment. Please refer to JPay's Privacy Policy regarding JPay's use of this information. When required by applicable law, Payments will be reported to federal, state or local authorities.

4.  IDENTITY AUTHENTICATION. You authorize JPay, directly or through third parties, to make any inquiries we consider necessary to validate your identity. This may include asking you for

further information, requiring you to provide your date of birth, and/or other information that will allow us to reasonably identify you, requiring you to take steps to confirm ownership of your email address, or verifying your Information against third party databases or through other sources. We may also ask to see your driver's license or other identifying documents at any time. JPay reserves the right to close, suspend, or limit access to your account and/or the JPay Service in the event we are unable to obtain or verify this Information.

5.  FEES. In consideration for the use of the JPay Service, you agree to pay JPay a fee for each Payment sent by you at the applicable rate then in effect (the "Service Fee"). All Service Fees are non-refundable.

6.  MONEY ORDERS. Where the lockbox Payment method is available to you, JPay will only accept money orders valued at $1,000.00 or less, depending on the Client. Any money orders over $1,000.00 will be returned to you. All approved money orders will be processed within up to ten (10) business days following receipt by JPay.

All money orders must be made payable to "JPay Inc.". A deposit slip and any accompanying information required by the Client must be filled out and submitted with every money order. Deposit slips can be found on JPay's Website All deposit slips must be legible and completely filled out. Any materials sent with the money order other than the deposit slip will be discarded.

7.  JPAY CREDITS. Depending on the Client, JPay Credits can be used by the inmate to purchase media related products. JPay Credits are non-transferrable and unused JPay Credits will not be refunded.

8.  PAYMENT. Service Fees and the principal Payment amount are due and payable before JPay processes the Payment. By making a Payment with a Bank Card, you authorize JPay to process the Payment. When using a Bank Card, if JPay does not receive authorization from the card issuer, the Payment will not be processed and a hold may be placed on your Bank Card which can only be removed by the issuing bank. Each time you use the JPay Service, you agree that JPay is authorized to charge your designated Bank Card account for the principal Payment amount, the Service Fee, and any other applicable fees.

9.  OTHER CHARGES. JPay is not responsible for any fees or charges that may be imposed by the financial institutions associated with your Payment. For example (without limitation), some credit card issuers may treat the use of your credit card to use the Service as a "cash advance" rather than a purchase transaction, and may impose additional fees and interest rates for the transaction. JPay is not responsible for any non-sufficient funds charges, chargeback fees, or

other similar charges that might be imposed on you by your bank, credit card issuer, or other provider.

10. RECURRING PAYMENT. A recurring payment is a Payment in which you authorize

JPay to charge your Bank Card on a regular or periodic basis ("Recurring Payment"). This authorization is to remain in full force and effect until you cancel a Recurring Payment. You may cancel a Recurring Payment at any time up to one (1) business day prior to the date the Payment is scheduled to be processed. To cancel a Recurring Payment, log into your account, access the "Money" tab, then access the "Recurring Payments" tab and click "Delete."

11. REFUNDS. You may not cancel a Payment. Under some circumstances, a Payment

may not be completed or a Client may refuse to accept a Payment. In such cases, JPay will cancel the Payment transaction and refund the principal Payment amount less the Service Fee to the Customer.

12. ESCHEATMENT LAWS. JPay must comply with each state's unclaimed property (escheatment) laws. If, for whatever reason, JPay is unable to transfer your Payment to a Client, JPay will attempt to contact you to issue you a refund. If JPay cannot get in contact with you and you do not claim your Payment within the statutory time period, JPay may be required to escheat the Payment to your resident state. JPay will determine your state of residency based on the information provided by you at the time of Payment. If you do not claim an unpaid Payment within one (1) month after the date you made the Payment, JPay shall hold the Payment in an account and impose a $3.00 service fee per month until such time the unpaid Payment must be escheated to the state.

13. GOVERNING LAW. This Agreement and the rights of the parties hereunder shall be governed by and construed in accordance with the laws of the State of Florida, exclusive of conflict or choice of law rules.

14. DISPUTE RESOLUTION.

 a) Any dispute, claim or controversy among the parties arising out of or relating to this Agreement ("Dispute") shall be finally resolved by and through binding arbitration administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules (the "JAMS Rules"), provided that failure to adhere to any of the time limits set forth therein shall not be a basis for challenging the award. Both the foregoing agreement of the parties to arbitrate any and all Disputes, and the results,

determinations, findings, judgments and/or awards rendered through any such arbitration, shall be final and binding on the parties and may be specifically enforced by legal proceedings in any court of competent jurisdiction.

b) The arbitration shall be conducted by three arbitrators. Each party shall select one arbitrator within 30 days of commencement of the arbitration, failing which, upon request of any party, JAMS shall appoint such arbitrator. The third arbitrator, who shall serve as Chairperson of the arbitral panel, shall be appointed by JAMS pursuant to Rule 15 of the JAMS Rules. The arbitrators must apply the terms of this arbitration agreement, including without limitation, the waiver of class-wide arbitration set forth below.

c) The place of arbitration shall be Miami, Florida.

d) The cost of the arbitration proceeding, including, without limitation, each party's attorneys' fees and costs, shall be borne by the unsuccessful party or, at the discretion of the arbitrators, may be prorated between the parties in such proportion as the arbitrators determine to be equitable and shall be awarded as part of the award.

e) The arbitration provisions set forth herein, and any arbitration conducted thereunder, shall be governed exclusively by the Federal Arbitration Act, Title 9 United States Code, to the exclusion of any state or municipal law of arbitration.

f) RESTRICTIONS ON ARBITRATION: ALL DISPUTES, REGARDLESS OF THE DATE OF ACCRUAL OF SUCH DISPUTE, SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS. YOU ARE WAIVING YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT ARE AVAILABLE IN A LAWSUIT. YOU AND JPAY AGREE THAT THE ARBITRATORS HAVE NO AUTHORITY TO ORDER CONSOLIDATION OR CLASS ARBITRATION OR TO CONDUCT CLASS-WIDE ARBITRATION PROCEEDINGS, AND ARE ONLY AUTHORIZED TO RESOLVE THE INDIVIDUAL DISPUTES BETWEEN YOU AND JPAY ALONE. FURTHER, YOU WILL NOT HAVE THE RIGHT TO CONSOLIDATION OR JOINDER OF INDIVIDUAL DISPUTES OR ARBITRATIONS, TO HAVE ANY DISPUTE ARBITRATED ON A CLASS ACTION BASIS, OR TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR AS A MEMBER OF ANY CLASS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION.

g) THE VALIDITY, EFFECT, AND ENFORCEABILITY OF THE FOREGOING WAIVER OF CLASS ACTION LAWSUIT AND CLASS-WIDE ARBITRATION, IF CHALLENGED, ARE TO BE DETERMINED SOLEY AND EXCLUSIVELY BY FEDERAL DISTRICT COURT LOCATED IN THE SOUTHERN DISTRICT OF FLORIDA OR FLORIDA STATE COURT IN MIAMI-DADE COUNTY AND NOT BY JAMS OR ANY ARBITRATOR.

h) WITHOUT WAIVING THE RIGHT TO APPEAL SUCH DECISION, SHOULD ANY PORTION OF SECTION 14(F) BE STRICKEN FROM THIS AGREEMENT OR DEEMED OTHERWISE INVALID OR UNENFORCEABLE, THEN THIS ENTIRE SECTION 14 (OTHER THAN THIS SENTENCE) SHALL BE STRICKEN FROM THIS AGREEMENT AND INAPPLICABLE, AND ANY AND ALL DISPUTES SHALL PROCEED IN FEDERAL DISTRICT COURT LOCATED IN THE SOUTHERN DISTRICT OF FLORIDA OR

FLORIDA STATE COURT IN MIAMI-DADE COUNTY AND BE DECIDED BY A JUDGE, SITTING WITHOUT A JURY, ACCORDING TO APPLICABLE COURT RULES AND PROCEDURES, AND NOT AS A CLASS ACTION LAWSUIT.

15.  INDEMNIFICATION. Except to the extent that JPay is otherwise liable under this

Agreement or by law, you agree to indemnify and hold JPay, its shareholders, subsidiaries, affiliates, directors, officers, employees, agents, representatives, suppliers, service providers, and subcontractors harmless from any and all losses, liabilities, claims, demands, judgments and expenses, including but not limited to reasonable attorney's fees, arising out of or in any way connected with your use of or the performance of the JPay Service.

16. DISCLAIMER OF WARRANTIES AND LIMITATION OF LIABILITY. THE JPAY SERVICE IS PROVIDED BY JPAY INC. ON AN "AS IS" AND "AS AVAILABLE" BASIS. JPAY MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE OPERATION OF THE JPAY SERVICE OR THE INFORMATION, CONTENT, MATERIALS, PRODUCTS OR SERVICES INCLUDED ON THIS SITE. YOU EXPRESSLY AGREE THAT YOUR USE OF THE JPAY SERVICE IS AT YOUR SOLE RISK AND THAT YOU ARE SOLELY RESPONSIBLE FOR THE ACCURACY OF THE PERSONAL AND PAYMENT INFORMATION THAT YOU PROVIDE.

TO THE FULL EXTENT PERMISSIBLE BY APPLICABLE LAW, JPAY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. JPAY DOES NOT WARRANT THAT THIS SITE, ITS SERVICES OR E-MAIL SENT FROM JPAY ARE FREE OF VIRUSES OR OTHER HARMFUL COMPONENTS. JPAY (AS WELL AS ITS OFFICERS, DIRECTORS, EMPLOYEES, AFFILIATES AND STOCKHOLDERS) WILL NOT BE LIABLE FOR ANY DAMAGES OF ANY KIND ARISING FROM THE USE OF THIS SITE, ANY CREDIT CARD COMPANY'S NON-AUTHORIZATION OF A USER'S BANK CARD PAYMENT, ANY GOVERNMENT ENTITY'S NON-ACCEPTANCE OF A PAYMENT FROM A USER USING THE JPAY SERVICE, FOR DISRUPTIONS IN THE JPAY SERVICE, OR FOR ERROR, DELAY OR MIS-DELIVERY OF A PAYMENT, REGARDLESS OF THE CAUSE, INCLUDING (WITHOUT LIMITATION) DIRECT, INDIRECT, INCIDENTAL, PUNITIVE AND CONSEQUENTIAL DAMAGES.

CERTAIN STATE LAWS DO NOT ALLOW LIMITATIONS ON IMPLIED WARRANTIES OR THE EXCLUSION OR LIMITATION OF CERTAIN DAMAGES. IF THESE LAWS APPLY TO YOU, SOME OR ALL OF THE ABOVE DISCLAIMERS, EXCLUSIONS OR LIMITATIONS MAY NOT APPLY TO YOU, AND YOU MIGHT HAVE ADDITIONAL RIGHTS.